**DAVID WILLIAM PLANT**
1451 LITTLE SUNAPEE ROAD
NEW LONDON, NH 03257
U.S.A.

June 14, 2004

**VIA FACSIMILE AND EMAIL ONLY (Ten Pages)**

Tom M. Schaumberg, Esq.
Adduci, Mastriani & Schaumberg, L.L.P.
1200 Seventeenth Street, N.W.
Washington, DC 20036
Fax    202 466 2006

Campbell Killefer, Esq.
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Fax    202 344 8300

Joel E. Lutzker, Esq.
Schulte, Roth & Zabel, LLP
919 Third Avenue
New York, NY 10022
Fax    212 593 5955

Jerold B. Schnayer, Esq.
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22d floor
Chicago, IL 60606
Fax    312 655 1501

<u>Minebea et al v. Georg Papst et al</u>
Civil Action 97 0590 (PLF)

Dear Counsel:

This relates to Minebea's April 9, 2004 omnibus motion to compel production of documents. At page nine of the faxed version, "produced" has been changed to -- unproduced --

I have considered Minebea's April 9 motion and accompanying exhibits, Papst's April 30 opposition and accompanying exhibits, and Minebea's May 7 reply memorandum and accompanying exhibits.

<u>Minebea Motion</u>

Minebea seeks production from Papst of 21 categories of documents described in this motion. Category 21 includes 10 classes of documents addressed in Minebea's August 25, 2003 motion to compel.

1.    <u>Withheld foreign language documents</u>

Minebea contends that, because Papst has failed to object to my ruling at page 77 of Report and Recommendation No. 6 (R&R No. 6), Papst must produce these documents. Papst contends that Papst addressed this matter at pages 28-29 of its objections to R&R No. 6, and at page 40, proposed a procedure for dealing with these documents. Papst contends also that, at page 3 of R&R No. 6, Papst objected to "each of the specific recommendations made with respect to its documents." In its May 6 reply memorandum, Minebea contends that Papst's arguments



Messrs. Schaumberg, Killefer, Lutzker, Schnayer
June 14, 2004
Page Two

fail. Minebea argues "there is no basis for the Court to even consider rejecting the recommendation on this point."

R&R No. 6 is *sub judice*. The Court will determine the propriety of my recommendation as to foreign language documents. Accordingly, I decline to grant this request. The request may be renewed after the Court rules on R&R No. 6, if such request would be consistent with the Court's ruling.

### 2.   Books II and III of Papst patents

Minebea seeks allegedly missing pages from these Books. Papst contends that (1) the allegedly missing pages from Book II have been produced, and (2) the pages missing from Book III "are missing from Papst's own files, and therefore, cannot be produced." Minebea does not address this matter in its reply memorandum.

This request appears to be moot. No ruling is required.

### 3.   Color Copy of 303885-86

Papst contends it has searched for and cannot find any color original or color copy of this document.

This request appears to be moot. No ruling is required

### 4.   Computer files of PX 138's patent list

Minebea seeks "all versions and metadata associated with the [computer] files." Minebea contends the computer files are relevant to Minebea's contract and fraud claims.

Papst contends computer metadata for PX 138 are irrelevant and their production would be "unprecedented and a waste of resources." Papst argues that Minebea has not explained how "any information in the 'metadata', over and above PX 138 itself, would make any difference in attempting to prove any specific element of any of its causes of action." Papst notes also that no party has heretofore produced metadata for its documents.

In its reply, Minebea contends that every Papst witness questioned about the PX 138 patent list has denied authorship. Minebea argues the metadata may demonstrate "who created the patent list, when it was created, what edits were made and the like."

This request is granted to the extent the metadata discloses who created PX 138, who edited or revised it, and when the document was created, revised and edited. No other metadata

Messrs. Schaumberg, Killefer, Lutzker, Schnayer
June 14, 2004
Page Three

need be produced for this document or for any other document heretofore produced by any party in this action.

### 5.  Identity of sources of Papst documents

Minebea contends that Papst has failed to comply with prior rulings of the Special Master that Papst identify specific files from which Papst documents have been produced (1/29/03 Conf. Special Master) Minebea states the only source lists provided by Papst are Exhibits 28 and 29 to Minebea's motion. These lists identify only the organization from which Papst documents have been produced, not the particular file.

Papst contends that the two source lists previously provided are adequate. Papst argues that Minebea's current request is an iteration of a Minebea request denied by the Special Master on March 2, 2004. Papst notes also that Minebea has provided to Papst the same kind of source information about Minebea documents as to which Minebea now complains. Also, Papst contends that Minebea has not demonstrated why the information it now requests is needed or relevant.

Minebea does not address this matter in its reply memorandum.

This request is denied. Both sides appear to have adopted the same criteria in producing source information to each other. Neither side has conformed to the views I expressed on January 29, 2003. Minebea does not stand on any higher ground than Papst in this regard. I foresee only increased rankling between counsel if any further production of source information is ordered, with little or no compensating benefits.

### 6  Finnegan Henderson documents

Minebea contends that Papst has failed to produce information in Finnegan Henderson's docketing system regarding the patents in suit plus file folders in which agreements relating to the creation and termination of the joint venture between Minebea and Papst Motoren are kept. Minebea says the requested information "would undoubtedly be useful to refresh Mr. Smith's recall."

Papst contends that Minebea has failed to show the relevance of the information requested. Also, Papst argues there is no reason to believe a docket entry or a physical folder would affect Mr. Smith's present recollection.

In its reply memorandum, Minebea iterates its refreshing recollection contention and adds that Finnegan Henderson's docketing system is likely to lead to admissible evidence regarding the "correspondence" of various Papst patents to each other.

Messrs. Schaumber, Killefer, Lutzker, Schnayer
June 14, 2004
Page Four

Minebea has not demonstrated either need for or relevance of the information sought. This request is denied. If the Court's ruling with regard to R&R No. 6 or R&R No. 7, or ensuing events, provide a sound basis for renewing this request, I shall consider a new motion.

7.  **Documents reflecting the earliest date of legal services performed**

I find it unnecessary to review the contentions of the parties or the history of other similar requests.

Papst must produce to Minebea's counsel no later than 5:00 p.m. EDT, June 22, 2004, a sworn statement (or statements) based on personal knowledge as to (1) the dates on which Finnegan Henderson and Mr Schnayer's firm were each first retained by any Papst party to this action and by any other Papst entity, and (2) the subject matter of each such initial retainer or engagement.

8.  **Documents establishing current usages of attorneys**

Minebea contends Papst has produced no documents from the files of the following firms: Schwan, Westphal, Dr. Hach Mueller, Mr. Raible, and Eisenfuehr. These firms are said to have been engaged in the prosecution of German applications relating to U.S. patents in issue in this action. Minebea seeks documents which "establish Papst's ongoing relationship with these firms." Minebea contends such documents will establish Papst's "continued ability to access documents in these firms' custody."

Papst contends that the April 15, 2002 discovery cut-off date warrants denial of this request.

Minebea's reply memorandum argues that the discovery cut-off date is "highly prejudicial" and is the subject of Minebea August 25, 2003 motion to compel. Also, Minebea argues that Papst cannot have it both ways, i.e. arguing that documents are outside Papst's control and refusing to produce information demonstrating documents are within its control.

Minebea is entitled to information concerning Papst's past and current relationships with the five legal entities referred to above. Accordingly, by 5:00 p.m. EDT, June 22, 2004, Papst shall produce to Minebea's counsel a sworn statement based on personal knowledge as to (1) the period of time (or periods of time) each of the five legal entities has performed legal services for any Papst party to this action or for any other Papst entity, (2) the general subject matter of such services during each period of time cited, (3) whether or not the legal entity currently has documents in its possession, custody or control relating to each identified subject matter, and (4) if so, a general description of the documents and the identification of their current location.

Messrs. Schaumberg, Killefer, Lutzker, Schnayer
June 14, 2004
Page Five

Apart from the foregoing ruling, I am not aware of any sound basis for changing the April 15, 2002 discovery cut-off date vis-a-vis production of documents and information by each party to the other.

### 9. German law firm documents

Minebea states that Papst has not produced any documents from the files of any of "Schwan, the law firm Westphal, Dr. Hach Mueller in Heilbronn and Eisenfuehr." Minebea contends documents concerning the prosecution and licensing of Papst patents in the files of these German firms are relevant to Minebea's contract, conversion and fraud claims.

Papst contends "to the extent that such documents are responsive, relevant, and not privileged, the copies in Papst's own files have already been produced." Papst argues that Minebea has not identified specific documents, has not explained how its requests are relevant, and has not stated what additional information could be obtained that has not already been produced from Papst's files. Papst contends the discovery sought is unreasonably duplicative.

Minebea's reply memorandum argues that Papst's arguments as to the duplicative discovery are disingenuous because of (1) omissions in Papst's document production, (2) the German law firm files may be more complete than Papst's files, and (3) the documents may contain different work marginalia.

This request is granted. The documents sought by Minebea appear to me to be within the scope of discovery normally sought and obtained with respect to claims and defenses of the kind asserted in this action. By way of example, counsel's categorizations of Papst patents are relevant, as are counsel's records as to modifications in claims of Papst patents and counsel's records as to rights granted or retained with respect to Papst patents. In the event Papst claims any such documents are subject to a privilege, each such claim must be properly asserted by Papst.

Papst shall produce the requested documents and shall make any claim as to privilege no later than 5:00 p.m. EDT on June 28, 2001.

### 10. Papst's accountant's documents

Minebea contends that Papst has failed to produce "Schrade/Ernst & Young firm" documents it has previously agreed to produce. Minebea argues that these documents are relevant to Minebea's patent misuse claim and damages.

Messrs. Schaumber, Killefer, Lutzker, Schnayer
June 14, 2004
Page Six

Papst contends that Minebea has not justified its request for duplicative documents from Papst's accountants. Papst says it has already produced documents relating to royalty payments and argues that the documents requested are not relevant to Minebea's patent misuse defense.

In reply, Minebea iterates its contentions with respect to Request 9 above.

This request is denied. Minebea has not refuted Papst's contentions that documents relating to royalty payments have already been produced and the documents sought are not relevant to Papst's misuse defense. On this record, it appears that this request will not add to the information and documents Minebea already has.

11.     Mr. Kato's documents including letter mentioned in 315072-74

This request implicates attorney-client privilege and attorney work product issues. Such issues are addressed in R&R No. 6 and R&R No. 7, both of which are *sub judice*. Accordingly, I decline to rule on this request at this time.

12.     Complete copy of PX 346

Papst states it has produced the patent list referred in PX 346 and cannot find any of the "3 ranking reports". Papst should provide the Bates numbers of the patent list. No further ruling is required with regard to this request.

13.     Seagate documents

Minebea seeks "discovery produced to Papst by Seagate in Papst's litigation against Seagate." Minebea contends that "full disclosure of information regarding the litigation may lead to further evidence rebutting Papst's contentions" as to Minebea's alleged awareness of the "relevance of the so-called drive patents." Minebea contends also the Seagate documents may demonstrate Papst attempted to collect double royalties from Seagate.

Papst contends that the Magistrate Judge in the MDL action has already denied Minebea's request. In addition, Papst contends Minebea does not identify "any particular documents that it needs," and does not explain any connection between Seagate documents and any element of Minebea's causes of actions. Also, Papst argues Papst cannot produce Seagate documents subject to a protective order in another action.

In its reply, Minebea contends its current request is much narrower than the request denied by the MDL court and argues the Seagate documents are relevant to Minebea's fraud

Messrs. Schaumberg, Killefer, Lutzker, Schnayer
June 14, 2004
Page Seven

claims. Minebea does not address Papst's contention as to a protective order in the Seagate litigation

Minebea has not demonstrated the relevance of this broad request. Nor has Minebea adequately distinguished the prior ruling of the MDL court or dealt with the matter of Papst's assertion as to a protective order in the Seagate litigation. This request is denied.

### 14.  Fax records concerning DX 81

Minebea seeks documentary confirmation that DX 81 was in fact sent to Mr Lutzker on about December 5, 1994. Minebea contends this confirmation is relevant to Minebea's fraud claims.

Papst asserts that it has produced all documentation it can find concerning DX 81. Papst argues also that Minebea's own privilege log show Mr Lutzker as a recipient of the letter

Minebea's reply memorandum asserts the Minebea privilege log entry is directed to marginalia on a copy of DX 81 and incorrectly lists "cc" recipients of the letter. Also, Minebea asserts that at some time after the date of DX 81, "counsel received a copy of DX 81 directly from Minebea."

In light of Papst's assertion that it has produced all documents relating to DX 81, this request is moot. No ruling is required.

### 15.  Papst's organizational chart

Papst contends it has searched for but cannot locate a "better copy of this chart". Minebea does not address Papst's contention in Minebea's reply memorandum.

Papst's contention is not quite on point. I do not know what "better" means. No later than June 22, 2004, Papst must either produce the wording missing from the organizational chart or certify that all documentary information concerning the words on the organizational chart has been produced.

### 16.  Papst's book of invention reports

Papst asserts that it has produced these documents to Minebea. Minebea does not contest this assertion.

No ruling is required as to this request.

Messrs. Schnayer, Killefer, Lutzker, Schnayer
June 14, 2004
Page Eight

### 17. Matsushita mediation materials

Minebea seeks production of "the materials that were submitted in the mediation with Matsushita." Minebea does not distinguish between materials submitted by Papst and materials submitted by Matsushita. Minebea contends that federal law does not recognize a mediation privilege, and the "Matsushita mediation materials" are relevant to the exhaustion issue.

Papst cites a Northern District of California rule requiring parties to treat as "confidential information" the contents of written mediation statements, as well as events, positions, and views expressed in the mediation. In addition, Papst argues that Minebea does not identify specific documents and why it needs them.

Minebea's reply memorandum does not address Papst's contentions.

The California rule protects materials submitted by Matsushita in the mediation. Insofar as this action is concerned, the California rule does not necessarily protect materials submitted by Papst in the mediation.

If Papst submitted a mediation statement in the Matsushita mediation, no later than June 22, 2004, Papst must produce that statement with all references to confidential Matsushita information redacted. No other documents submitted in the Matsushita mediation need be produced by Papst.

### 18. PX 342

Papst states that it cannot locate any other documents than those already produced.

No ruling is required with respect to this request.

### 19. Motor specifications

Minebea seeks production of "specifications of all alleged Papst HDD motors," including PX 6 and PX 7.

Papst states it has searched for and produced non-privileged documents that "concern HDD motor specifications that exist in its files," including PL572585-632.

Minebea's reply memorandum does not address Papst's statement.

No ruling is required with respect to this request.

Messrs. Schaumber, Killefer, Lutzker, Schnayer
June 14, 2004
Page Nine

    20.    <u>Missing pages from Bates number 317795-99</u>

Papst asserts it has produced No. 317795 and has been unable to locate missing pages in the 317796-99 range. Papst believes these numbers were skipped and never used.

Minebea's reply memorandum does not address these Papst assertions.

No further ruling is required with regard to this request.

    21.    <u>Minebea's August 25, 2003 motion to compel</u>

No later than 5:00 p.m. EDT, June 28, 2004, Papst must produce to Minebea all previously unproduced non-privileged documents in Papst's possession, custody or control relating to the subjects identified in categories A., E., F., G. and I. below, viz. –

    A.    Papst litigation/licensing activities with Microsciences and Hitachi, plus all draft complaints transmitted by Papst to NIDEC, up to and including April 15, 2002.

    E.    Mr. G Papst's travel expense calculations, hotel reservations and flight reservations for the period January 1, 1994 through June 30, 1995, to the extent any such documents relate to (1) any meeting with any representative of Minebea or (2) any aspect of the June 1995 agreement regardless of who may have been involved.

    F.    All documents showing royalties received by Papst Licensing relating to spindle motors or Hard Disk Drives up to and including April 15, 2002, plus all periodic financial statements up to and including April 15, 2002, for Papst Licensing, Papst Motoren, and any Papst party to this action, including without limitation statements of cash flow, tax returns, income statements, balance sheets, statements of retained earnings and notes thereto.

    G.    All documents evidencing terms, conditions, duties and responsibilities of Mr. Tobias Kessler's employment by Papst Licensing.

    I.    The originals of PX 144 and PX 147. As to PX 147, an unredacted version of the original document is to be produced without privileged notes and comments added after the original document was created.

Messrs. Schaumberg, Killefer, Lutzker, Schnayer
June 14, 2004
Page Ten

  Concurrently with the above production, Papst must transmit to Minebea a certification that Papst has conducted a thorough search for such documents in all reasonable places and has (a) produced all such non-privileged or work product documents found and (b) has listed all privileged or work product documents on a previously served privilege log or on a supplement privilege log to be transmitted to Minebea on June 28.

  As to categories B. and C., Papst asserts it has produced all documents in these categories or has listed privileged and work product documents on a previously served privilege log. No further ruling is required as to these two categories.

  As to categories D., H., and J., these three requests are denied. The request as to H. is denied without prejudice to Minebea's renewing its motion in the event the Court's rulings on R&R No. 6 and R&R No.7 warrant such a motion. The request as to J. relates to R&R No. 13. R&R No. 13 in part concerns Papst Motoren's obligation to assist the Papst parties in this action. R&R No. 13 is now *sub judice*. Request J. may be renewed if warranted by the Court's ruling re R&R No. 13.

  I shall welcome counsel's comments at our June 15 conference as to the effect of this ruling on prior Minebea motions to compel, especially what further rulings may be required with regard to any of those motions.

  (I am transmitting to counsel on June 14 a copy of this letter via email. The faxed copy will follow no later than June 16.)

                Sincerely,