## WELSH & KATZ, LTD.

*Attorneys at Law*

135 SOUTH LASALLE STREET · SUITE 1625
CHICAGO, ILLINOIS 60603-4302

TELEPHONE (312) 781-9470
FACSIMILE (312) 781-9548, 9094

A. SIDNEY KATZ
RICHARD L. WOOD*
JEROLD B. SCHNAYER
ERIC C. COHEN
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHERLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. ORENBLATT
SUZANNE HINES
JAMES P. WHITE
R. MARK HALLIGAN
HOWARD B. ROCKMAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.

OF COUNSEL
DONALD L. WELSH
JAMES W. CLEMENT
LAURIE A. HAYNIE

*ALSO ADMITTED IN DISTRICT OF COLUMBIA

KARA F. CENAR
KATHLEEN A. RHEINTGEN
JOHN L. AMBROSI
JULIE A. KATZ
JEFFREY C. NICHOLS
ERIC D. COHEN
NANCY R. SANDURG
JON P. CHRISTENSEN

WASHINGTON OFFICE
R. LEWIS GABLE †
CRYSTAL PLAZA ONE · SUITE 903
2001 JEFFERSON DAVIS HIGHWAY
ARLINGTON, VIRGINIA 22202-3603
TELEPHONE (703) 415-0777
FACSIMILE (703) 415-0787

† ADMITTED IN VIRGINIA AND
DISTRICT OF COLUMBIA AND
NOT ILLINOIS

December 5, 1994

**By Facsimile 011-81-35 434 8608**

Mr. R. Mizukami
Director, General Manager
1st Corporate Planning Office
Minebea Co., Ltd.
1-8-1 Shimo-Meguro, Meguro-ku
Tokyo 153, JAPAN

Re: Floppy Disk Drive Patents - Our File 58422

Dear Mr. Mizukami:

Thank you for the very constructive meeting we had on November 11, 1994. At the meeting you asked me to provide you with a brief written response to a number of the major points of Mr. Lutzker's November 1, 1994 letter to me, and a brief summary of some of the explanations I gave during our meeting concerning the infringement issues. The purpose of this letter is to respond to your request.

**Papst's Japanese Patent No. JA5 - 11785**

At our meeting in March, 1994 Minebea argued this patent was not used because the tacho magnet was located over both the tacho winding and the compensation winding. However, when I finally got a sample from Minebea of a motor and analyzed it I discovered that the tacho magnet was located only above the tacho winding and **not** the compensation winding. Thus I concluded NMB's infringement argument was incorrect and that NMB does infringe this patent. Mr. Lutzker did not address this patent in his letter.



DEFENDANT'S EXHIBIT
81
HP 5-19-03

- CONFIDENTIAL -   M059015
PROSECUTION BAR MATERIALS



EXHIBIT 17

Mr. R. Mizukami                                    December 5, 1994
                                                            Page 2

### Papst's United States Patent No. 4,882,511

As I explained at our meeting, we argued that claim 9 is not infringed by its Minebea's FDD motors at issue. However, after considering Mr. Lutzker's comments, we strongly believe Minebea's motors infringe claim 1. Concerning this matter we made the following points:

1) The significant relationship is that the drive voltages to the windings be energized for about 180° electrical, and that the zero cross over of the back EMF approximately correspond to the turn on and off of the energization of the drive voltages to the coils. It is our understanding that this relationship is met by Minebea's drive motors, and that therefore they infringe claim 1.

2) Mr. Lutzker has taken bits and pieces from various parts of the file history of the '511 patent out of context in an attempt to support erroneous meaning of the words in the claims. As we pointed our at our meeting Mr. Lutzker has previously engaged in this practice. We strongly disagree with his analysis and conclusions and believe the proper interpretation of claim 1 is summarized in our point 1 above.

3) The reports by Minebea's experts are incomplete and unsupported in critical areas. For example, as we pointed out, the significant relationship with respect to claim 1 is the back EMF voltage and the drive voltage supplied to the windings of the motors. Yet, the expert did not provide an actual oscilloscope picture of the waveforms of these two voltages so there interrelationship can be seen. This omission from the experts report shows the unreliability of the experts unsupported statements.

4) Based on the foregoing, we still strongly believe Minebea's FDD motors infringe this patent.

### Papst's United States Patent No. 4,517,480

We strongly disagree with the points raised in Mr. Lutzker's letter and believe that Minebea infringes at least claim 1 of this patent. Concerning this patent we made the following points.

1) We disagree with Mr. Lutzkers argument that there is no infringement of claim 1 allegedly because Minebea does not have an "axial bearing" for two reasons. First, Mr.

- CONFIDENTIAL -   M059016
PROSECUTION BAR MATERIALS

Mr. R. Mizukami                                        December 5, 1994
                                                                Page 3

        Lutzker has misinterpreted the meaning of this term. The term merely means that the bearing have some axial components. All motors of the type at issue have some axial component or they would not operate properly. The ball bearings used on the NMB motors certainly have an axial component, and therefore meet the proper definition of "axial bearing." Second, the term "axial bearing" is in the preamble of claim 1 and is not a feature which must be present for the claim to be infringed.

2) Mr. Lutzker's and his experts reports do not address the tolerances of the air gap ("g") which should have a significant effect on the infringement analysis. There is not only no original Minebea document showing the tolerances, but Mr. Lutzker's letter and the expert reports do not even address this point. In fact, it is not clear to me that the attachment to Mr. Lutzker's report even includes an original Minebea document which contemporaneously shows the air gap ("g") for Minebea motors, much less the tolerance of the air gap "g".

3) It is our opinion that the number of pole pairs ("p") does fall within the range of the formula set forth in claim 1. We point out that the claim only says that "p" be "about" in a certain range, and we believe Minebea's motors meet this criteria.

4) Concerning Mr. Lutzker's comments that there is no infringement because the number of return units does not equal the number of pole pairs ("p") we disagree with Mr. Lutzker's analysis because he has misconstrued the meaning of the claim language at issue. The claim language merely means that the number of return units, if they all were present, would equal the number of pole pairs. This condition is met in the Minebea motors.

5) In conclusion, we disagree with the analysis and conclusions of Mr. Lutzker and his expert concerning the '480 patent. We still strongly believe that this patent is infringed.

### Papst United States Patent No. 4,667,122

        The language of claim 1 of the '122 patent is similar to the language of claim 1 of the '480 patent with, for example, the following additional language in claim 1 of the '122 patent:

> "and wherein the pole pair number corresponds to a point of an output voltage of the winding above the maximum output voltage"

- CONFIDENTIAL -    M059017
PROSECUTION BAR MATERIALS

Mr. R. Mizukami                                        December 5, 1994
                                                       Page 4

To the extent that the claim language of the '480 and '122 patents are the same, our comments about the '480 patent apply. Concerning the additional language of claim 1 of the '122 patent noted above we made the following comments.

1) We do not understand how the expert derived the graphs set forth in Figure 4 of Exhibit 8 of Mr. Lutzker's letter. His explanation is not clear how he derived these graphs. However, it appears that he did not actually make physical measurements to confirm that the graphs are accurate. Our expert, who has extensive knowledge in this area, Dr. Mueller, has the opinion that NMB motors at issue do have tachometer output voltages which meet the above noted language of claim 1 of the '122 patent.

2) While we have concerns about the accuracy of the experts graphs, if for purposes of argument we accept them as accurate we still believe that Minebea motors would meet the above noted claim language. As can be seen from the graphs, the pole pairs correspond to a point which essentially corresponds to the maximum output voltage. For example, one graph shows a voltage which corresponds to 95% of the maximum voltage. We believe a court would find this voltage to correspond to the claim language. Moreover, again, Mr. Lutzker's experts calculated graph ignores tolerances in the air gap "g" which should in any event cause the voltage on the "calculated graph" to meet the above noted language of claim 1.

3) For the foregoing reasons, we strongly believe the Minebea's FDD motors at issue infringe at least claim 1 of the '122 patent.

We point out that Mr. Lutzker's letter does not address any of the other Papst patents that, for example, the parties addressed concerning the issues of infringement in their prior correspondence or at our meeting in Japan earlier in the year.

- CONFIDENTIAL -    M059018
PROSECUTION BAR MATERIALS

Mr. R. Mizukami                                    December 5, 1994
                                                        Page 5

     At your request, we have tried to summarize in a short way Papst's positions on certain of the issues raised in Mr. Lutzker's letter and certain of the points we raised at our November meeting in Tokyo. In summary, Papst believes that Minebea FDD motors infringe at least the Papst patents above. If you have any further questions please contact me.

                               Sincerely,

                               WELSH & KATZ, LTD.

                               By  Jerold B. Schnayer

JBS:ks

cc:  A. Sidney Katz, Esq.
     Joel E. Lutzker, Esq.

- CONFIDENTIAL -    M059019
PROSECUTION BAR MATERIALS