UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MINEBEA CO., LTD., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 97-0590 (PLF) |
| GEORG PAPST, et al., | ) ) ) |
| Defendants. | ) ) ) |

ORDER

The Court understands that depositions in this case will resume on January 31, 2005, and continue almost daily during the months of February and March. In order to minimize the kinds of problems and issues that have arisen in earlier depositions and to make clear what the Court expects of all counsel participating in depositions or otherwise involved in this matter, the Court, pursuant to Rules 26(b)(1), 30(d) and 37 of the Federal Rules of Civil Procedure, hereby promulgates the following deposition guidelines and expects counsel to abide by them from this point forward:

1. Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regard to times, dates, documents, testimony, and the like.

2. Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel shall refrain from cuing the deponent by objecting in any manner other than by stating an objection for the record followed by a word or two describing the legal basis for the objection and nothing more: "Objection, leading"; "Objection, form";

"Objection, nonresponsive"; "Objection, attorney-client privilege"; "Objection, work product privilege." No other form of objection is acceptable. All other objections should be made at trial.

  3. If requested by the lawyer interrogating the deponent, the objecting party must give a clear and concise explanation of the objection, or the objection is waived.

  4. Objections to the form of a question include the following: (1) the question assumes facts that are in dispute or are not in evidence; (2) the question is argumentative; (3) the question misquotes the deponent; (4) the question calls for speculation; (5) the question is vague, ambiguous, or confusing: (6) the question is compound; (7) the question is too general; (8) the question calls for a narrative answer; and (9) the question has been asked and answered.

  5. If the deponent's response addresses issues not raised by a question or states more than is strictly required to answer the question, the lawyer must object or waive any complaint.

  6. Counsel shall not direct or request that a witness not answer a question, unless the question calls for privileged information, or such direction is necessary to enforce a limitation directed by the Court or to present a motion under Rule 30(d)(4) of the Federal Rules of Civil Procedure. There is no other circumstance in which a direction not to answer a question is appropriate or permissible.

  7. Counsel shall refrain from dialogue on the record or speaking objections during the course of the deposition. Argumentative or suggestive objections or explanations waive the objection and may be grounds for assessing costs or other sanctions.

8. Counsel and their witnesses shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.  Any conferences that occur pursuant to, or in violation of, this guideline are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

9. Once a deposition begins, the witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

10. All counsel are to conduct themselves in a civil, polite, and professional manner.  The Court will not countenance incivility or other behavior during the deposition that demonstrates that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent.

11. If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the Special Master in person or by telephone for an immediate ruling and remedy.  Except where there has been a direction not to respond on grounds of privilege, counsel shall comply with the Special Master's directions.  Where appropriate, the Special Master should recommend that sanctions be imposed on counsel, and the Court will not

hesitate to impose sanctions whenever the Special Master makes a finding that the conditions set forth herein have not been adhered to.

SO ORDERED.

DATE: January 27, 2005

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge