UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MINEBEA CO., LTD., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 97-0590 (PLF) |
| | ) | |
| GEORG PAPST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

FEB   4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION AND ORDER

Both Minebea and Papst have filed objections to the Special Master's Report and

Recommendation No. 7.  Report and Recommendation No. 7 was issued in response to

Minebea's motion for an order deeming certain facts as established and precluding Papst from

introducing evidence on certain designated matters.  Minebea argued that preclusion was

warranted because of Papst's egregious conduct with respect to discovery in this matter.  See

Report and Recommendation No. 7 ("R&R 7") at 3.  Specifically, Minebea criticized the

testimony and conduct of Georg Papst, Jerold Schnayer and Richard Smith and their alleged

"stonewalling" during depositions, see id., with respect to (a) the witnesses' purportedly faulty

recollections; (b) the improper invocation of attorney-client privilege and work product

protections, and (c) conferences between counsel and witnesses during depositions.  See id.[1]

---

[1]    The Court notes that it has already instructed the parties, in its Order dated
January 27, 2005, that:   (a) counsel and their witnesses shall not engage in private, off-the-record
conferences during depositions or during breaks or recesses, except for the purpose of deciding
whether to assert a privilege, and (b) once a deposition begins, the witness and the witness's
counsel do not have the right to discuss documents privately before the witness answers
questions about them.  See January 27, 2005 Order at ¶¶ 8-9.



The Special Master recommended that Minebea's motion be denied with respect

to the specific relief sought.  Instead, he recommended that the Court enter an Order:

> 1.  Compelling Papst's lay witnesses and its counsel, including
> Messrs. Jerold Schnayer and Richard Smith, to respond to
> questions such as those set out in Exhibits 6-11 to the motion.
>
> 2.  Precluding Papst from relying on, and counsel from tendering
> an argument to this Court based on, (a) any specific information or
> fact as to which any Papst counsel or lay witness has first-hand
> knowledge which the witness has refused on grounds of privilege
> or work product protection to reveal on deposition, unless the
> specific information is available from another competent and
> unrestricted source, and (b) any of the subjects in (1), if henceforth
> counsel or a lay witness refuses to testify as prescribed in Section
> (1) or (3).
>
> 3.  Permitting Minebea, if it so elects to re-examine Messers.
> Georg Papst, Schnayer and Smith on any subject as to which the
> witness has heretofore refused to testify on privilege or work
> product protection grounds.  The witness shall respond to any
> question set out in Exhibits 6-11 which the witness has heretofore
> refused to answer on either or both of those grounds.

See R&R 7 at 18-19.

Since the issuance of Report and Recommendation No. 7, the parties have

conducted further depositions.  As a result, Minebea filed a Supplementation Regarding its

Objections to Report and Recommendation No. 7 which alleged further bad behavior by Papst

during the depositions of attorneys Jeffrey Salmon and A. Sidney Katz as well as the continued

depositions of attorneys Jerold Schnayer and Richard Smith.  See Supplementation Regarding its

Objections to Report and Recommendation No. 7 ("Minebea Supplementation") at 2.  The Court

heard oral argument on Papst's motion to reject the Special Master's Report and

Recommendation No. 7 on October 18, 2004.

The Court agrees, for the reasons stated in Report and Recommendation No. 7, with the Special Master's ruling refusing to grant the specific relief requested by Minebea. Specifically, the Special Master declined to deem as established the facts that there are no exceptions to Papst's internal numbering system and that Minebea's motors have no substantial commercially viable use except in hard disk drives. The Court also agrees that Minebea's request for an order precluding Papst from introducing evidence on certain issues should be denied without prejudice. The Court agrees that the extreme sanction of preclusion, particularly on the broad range of topics suggested by Minebea, would be premature.[2] The time to raise issues of preclusion is after the close of discovery. The Court therefore will reject Minebea's objections to Report and Recommendation No. 7.

## I. PAPST'S OBJECTIONS

Papst has raised a number of objections to the Special Master's conclusions, which the Court will aggregate into several groups: (a) Papst patent prosecutions and license negotiations were in anticipation of litigation and counsel's past mental impressions in connection with them therefore are protected; (b) current mental impressions and "personal opinions" of counsel for Papst are not discoverable; (c) overly broad questions should not be answered if they might elicit privileged material; and (d) the concerns related to Georg Papst's testimony were resolved in subsequent depositions.

---

[2]    The Court also notes that, from its perspective, neither party has behaved particularly well during discovery and though Minebea's frustration may be understandable, its righteous indignation is not.

3

### A. Patent Prosecutions and License Negotiations

The Court notes that since its oral rulings involving privilege and work product on October 19, 2004, Papst has produced over 90 percent of the documents it previously had withheld as privileged. See Notice of Papst's Compliance with Order Dated October 21, 2004. The parties are reminded that these same oral rulings have equal force in connection with Papst's conduct during depositions. As this Court already has ruled, the privilege law as stated by the United States Court of Appeals for the District of Columbia Circuit applies in this case. See Transcript of October 19, 2004 Motions Hearing ("Oct. 19 Tr.") at 63. Papst is in the business of licensing patents, and license negotiations are not, by definition, in anticipation of litigation and are not, without more, protected by the work product privilege. See id. at 68. Similarly, the prosecution of patents is not generally protected by the work product privilege. See id. The Court noted in its rulings that Mr. Schnayer frequently wore a "businessman's hat" in this case and "if a lawyer is wearing a businessman's hat, there's a presumption that it's not privileged by attorney-client privilege or by work product." See id. at 70.

Although it should not be necessary for the Court again to address the issue of what does and does not qualify as "in anticipation of litigation," the Court will reiterate here that "[w]hile litigation need not be imminent or certain in order to satisfy the anticipation-of-litigation prong of the test, this circuit has held that 'at the very least some articulable claim, likely to lead to litigation, must have arisen,' such that litigation was 'fairly foreseeable at the time' the materials were prepared." Hertzberg v. Veneman, 273 F. Supp. 2d 67, 75 (D.D.C. 2003)

4

(quoting Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 865 (D.C. Cir. 1980).[3]

Counsel is well aware of what was and was not generated "in anticipation of litigation," and

overly broad claims of privilege will not be tolerated. Materials generated during the course of

regular business and the provision of business or technical advice are not protected. See

Hertzberg v. Veneman, 273 F. Supp. 2d at 78. Furthermore, while protected work product can,

sometimes, be generated by non-attorneys, it cannot be created by a client, such as Mr. Georg

Papst. See Oct. 19 Tr. at 71. The Court expects that counsel will rigorously adhere to the

Court's previous rulings and will exercise good, professional, lawyer-like judgment in all future

depositions and other discovery.

### B. Mental Impressions and "Personal Opinions"

The parties are reminded that all witnesses have to testify as to facts and

understandings, regardless of the source from which those facts were learned. See Oct. 19 Tr. at

71; Minebea Co. v. Georg Papst, Civ. No. 97-590, February 4, 2005 Opinion at 4. The Court

does agree that it is not appropriate for Minebea to ask Papst's counsel to provide their

interpretation of a legal term, for example, by asking "What is a field of use license?" Likewise,

counsel's current mental impressions of agreements, etc. are formed in connection with the

instant litigation and are not discoverable.

This is in clear contrast to mental impressions formed by Papst's counsel during

past license negotiations and patent prosecutions, which are not work product. As the Special

Master noted, "Papst's lead trial counsel has often served as negotiator, elucidator or interpreter

---

[3]     Again, the Court reiterates its view that the prosecution of patents alone is not
"litigation" as implicated by this test. See Oct. 19 Tr. at 67-71.

with third parties as to business matters, well beyond the function of advising counsel in an attorney-client relationship." R&R 7 at 14. Thus, the Special Master correctly concluded, "Papst's trial counsel possesses relevant information as to important contemporaneous activities relating to Papst's agreements, the scope of Papst's patents, and the scope of Minebea's rights under Papst's patents." Id. at 15. It is wholly inappropriate for Papst's counsel to refuse to answer questions based upon any of their past mental impressions that were formed "in the ordinary course of business" or in the course of negotiations. See Oct. 19 Tr. at 67. Past mental impressions are protected only to the extent that they were formed in anticipation of then-imminent litigation.[4] "Papst's business is not anticipating litigation." Oct. 19 Tr. at 69. Although it sometimes may be difficult for a witness to discern between "past" and "current" mental impressions, the witness and his counsel must make a good faith effort to do so and cannot use this rationale to be evasive or disingenuous, as Papst and its witnesses consistently have been. The argument that the prior mental impressions of Mr. Schnayer or other lawyer witnesses have become tainted by counsel's current mental impressions also will not be tolerated. At best, Papst faces a difficult, but self-inflicted problem that inheres in the choice Papst made to have a key fact witness serve as trial counsel. At worst Papst's actions were an attempt to shield otherwise discoverable information.

---

[4]     Papst also maintains that Papst's counsel should not have to testify regarding their "personal opinions." See Papst Mot. at 11. Papst does not clarify what precisely is its argument here, but appears to circle back to the conclusion that it is inappropriate to ask about the mental impressions of counsel. As the Court has already explained, past mental impressions may be discoverable, whereas current mental impressions are not.

## C. Broad Questions

Papst also suggests that "overly broad questions should not be answered if they may elicit protected testimony" and that Minebea must ask follow up questions to avoid eliciting protected material. See Papst Mot. at 19. Although Papst may refuse to answer questions on the basis of privilege, to the extent that a question is overly broad, Papst's witness should answer to the extent possible and then claim privilege. A witness may not invoke privilege to decline to provide both privileged and unprivileged responsive information.

## D. Georg Papst

It is reasonable for Minebea to ask a lay witness, such as Georg Papst, for his past or present understanding of contract terms and the Court notes that Minebea believes that Mr. Papst was evasive during depositions. In its recently-issued Opinion addressing Minebea's at issue waiver, the Court stated that Minebea must provide discovery regarding facts known to Minebea and Minebea's understandings "even if the facts or understandings came from lawyers." See Minebea Co. v. Georg Papst, Civ. No. 97-590, February 4, 2005 Opinion at 4. The same standard applies here. The Court notes, however, that the majority of the conflicts between the parties in connection with Report and Recommendation No. 7 involve the deposition testimony of various lawyers for Papst, not Mr. Georg Papst himself. There is a disagreement between the parties as to whether the concerns regarding Mr. Papst's deposition may already have been resolved by his subsequent depositions. The Court will order Mr. Papst to make himself available for further deposition testimony, but will caution Minebea to consider whether such further depositions are truly necessary and, if so, to limit them both in time and in scope.

## II. CONCLUSIONS

With respect specifically to the concerns raised in Report and Recommendation No. 7, the Court will direct Papst to make available for additional deposition testimony Messers. Georg Papst, Jerold Schnayer, Richard Smith, A. Sidney Katz and Jeffrey Salmon, with the caveat that further deposition testimony from Mr. Papst should be limited in scope. In contrast to Papst's position that its assertions of privilege in deposition were "well founded," Papst Mot. at 32, the Court finds that many objections were, in fact, inappropriate. Although the Court will order no further relief at this time other than directing Papst to provide these individuals for further deposition testimony, Minebea will be free, after the close of discovery, to renew its motions for preclusion should discovery abuses continue.

Although Report and Recommendation No. 7 was directed towards the behavior only of Papst witnesses, the Court cautions both parties to take care to judiciously invoke claims of privilege during future depositions. As the Court explained in its Order regarding depositions guidelines issued January 27, 2005, the Court expects all counsel in this case to conduct themselves as professionals. Although refusal to answer on legitimate grounds of privilege is appropriate, stonewalling will not be tolerated by the Court. Should it appear that either party is improperly claiming privilege, being evasive or non-responsive, or refusing fully to participate in discovery, the Court will impose sanctions. Constant intervention by the Special Master in discovery proceedings should not be necessary in a case involving such experienced attorneys.

Accordingly, it is hereby

ORDERED that the Special Master's Report and Recommendation No. 7 is ADOPTED in part and REJECTED in part; it is

8

FURTHER ORDERED that Minebea's Objections to Report and Recommendation No. 7 are REJECTED; Minebea may re-file a motion seeking sanctions of preclusion with the Special Master after the close of discovery if such a motion is warranted; it is

FURTHER ORDERED that Papst's Motion to Reject Special Master's Report and Recommendation No. 7 [325] is DENIED; and it is

FURTHER ORDERED that Papst shall make available for additional deposition testimony Messers. Georg Papst, Jerold Schnayer, Richard Smith, A. Sidney Katz and Jeffrey Salmon. Any further deposition testimony from Mr. Papst should be limited in both time and scope. Counsel and the witnesses shall conduct themselves in a manner consistent with this Memorandum Opinion and the Court's January 27, 2005 Order setting forth guidelines for the conduct of depositions.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 2/4/05

9