UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
MINEBEA CO., LTD., et al.,                  )
                                            )
            Plaintiffs,                     )
                                            )
    v.                                      )   Civil Action No. 97-0590 (PLF)
                                            )
GEORG PAPST, et al.,                        )
                                            )
            Defendants.                     )
_____)

MEMORANDUM OPINION AND ORDER

Currently pending before the Court are Papst's Request for Reconsideration of the Temporal Scope of the Order Requiring Minebea to Produce Documents Withheld on Claims of Privilege and Minebea's Objections to Report and Recommendation No. 26. Papst's request for reconsideration is already ripe, but Minebea's objections are not. Because both of these motions address the question of Minebea's "at issue" waiver the Court will rule on both simultaneously as soon as both are ripe.

The Court has, however, reviewed the papers that have already been filed and has reached some preliminary conclusions regarding Minebea's compliance with the Court's February 4, 2005 Order ("Waiver Order") thus far. It appears that Minebea has read the Waiver Order in a manner so narrow as to be purposely evasive of this Court's intent. Of particular note is Minebea's argument that because Mr. Schnayer did not provide Minebea with a copy of Appendix III until June 9, 1995 that "Appendix III" patents did not exist before that time. See Minebea's Memorandum of Points and Authorities in Support of its Objections to Report and

Recommendation No. 26 submitted in camera at 14.  Minebea appears to have used this rationale to withhold documents referring, for example, to "drive patents." Id.  It should have been obvious – and the Court expects that it was – that the Court referred to them as "Appendix III" patents in the Waiver Order only because that is the shorthand used by the attorneys in the course of this litigation.  The Court could have referred to them as "drive patents" or "the patents at issue in this case."  Minebea filed this suit and knows perfectly well what patents are at issue.  Clearly, those patents did not suddenly spring into being or first enter Minebea's awareness on the day on which they were first listed in Appendix III.  Any suggestion by Minebea that a document must refer explicitly to "Appendix III patents" in order to be within the scope of the waiver is rejected.

Likewise, the Court rejects Minebea's suggestion that draft language that was not incorporated into the final agreement is somehow outside of the scope of the issue waiver.  Clearly, such draft language could indicate Minebea's knowledge and understanding with respect to either the scope of the patents in question or Minebea's rights (or proposed rights) under those patents.  Minebea's objection that draft language is outside the scope of the waiver is rejected.

It was further brought to the Court's attention by Papst's reply in support of its request to extend the temporal scope Waiver Order that Minebea has not been providing attachments to documents when the documents themselves fall within the waiver period, but the attachments were dated outside the waiver period.  See Rep. at 7.  This is completely unacceptable.  If privilege has been waived as to the document, then privilege has been waived as to its attachments – which were clearly transmitted during the waiver period – as well.

Unredacted and complete versions of all such documents, including all attachments, will be produced immediately.

The Court will issue a more in depth Opinion once these motions have been fully briefed. The Court would caution Minebea, however, that attempts to avoid the intent of the Waiver Order will not be tolerated and will be subject to appropriate trial-based sanctions. The Court would expect only non-frivolous arguments to be advanced in the future.

Accordingly, it is hereby

ORDERED that Minebea shall produce unredacted copies of all wrongfully redacted or excluded attachments on or before May 6, 2005. The Court strongly suggests that Minebea begin reviewing its other withheld documents with a more judicious eye towards the intent of this Court's Waiver Order and produce all documents within the scope of the Waiver Order of its own volition.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
DATE: April 27, 2005                    United States District Judge