UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MINEBEA CO., LTD., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 97-0590 (PLF) |
| ) | |
| GEORG PAPST, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Papst's objections to the Special Master's June 13, 2004, and June 29, 2004 letter rulings regarding the return of allegedly inadvertently produced privileged documents. Upon consideration of the Special Master's letter rulings, Papst's objections, Minebea's opposition and Papst's reply, the Court concludes that Papst has not waived privilege with respect to these documents by means of its inadvertent production. The Court will make further inquiry, however, with respect to whether these documents were properly classified as privileged in the first place.

I.  BACKGROUND

A protective order was filed in the MDL action on June 8, 2000 which permits a party to designate "within a reasonable time" an inadvertently produced document as privileged. Papst turned over PX373 in 2003. When the exhibit was marked for identification at the March 24, 2004 deposition of Hans Dieter Papst, Papst immediately requested return of the document. Minebea refused. The Special Master's June 13, 2004 letter ruling on Papst's motion to compel

return of the document concluded that Papst had failed to establish circumstances sufficient to support a finding of "inadvertent disclosure" and denied Papst's motion. See June 13, 2004 Letter Ruling.

On June 29, 2004, the Special Master issued a letter ruling with respect to four further motions by Papst for the return of inadvertently produced documents. The first request, dated February 17, 2003, requested the return of 10 documents. The Special Master noted that Papst failed to attach copies of the documents, failed to provide a declaration and conceded that none of the documents had counterparts on any privilege log. See June 29, 2004 letter ruling at 2. The second request, dated August 28, 2003 requested the return of 15 allegedly inadvertently produced documents. Papst contended that the privileged nature of these documents was demonstrated by its declarations in support of its privilege log. The third request, dated September 8, 2003, requested the return of two documents, and the final request, dated January 28, 2004, requested the return of three documents. The Special Master noted that there was no basis provided for finding that the production was inadvertent in any of these cases. See id. at 2. The Special Master explained that the fact that the MDL court previously ordered the return of some Minebea documents under the protective order was not controlling because Papst does not dispute that Minebea provided a detailed showing of Minebea's effort to prevent inadvertent production, and Papst failed to make such a showing. See id.

## II.  DISCUSSION

### *A. Waiver of Privilege*

The Protective Order at issue in this cases provides:

> In the event that a Furnishing Party inadvertently fails to designate any document, thing or information as privileged, it may within a reasonable time designate such document, thing or other information as privileged by notifying Outside Counsel for all Receiving Parties in writing, identifying the particular documents, things or information it wishes to designate as privileged.

Protective Order at 12.  Papst states that it first became aware that the documents in question had been inadvertently turned over to Minebea when Minebea tried to use them during depositions and that it immediately requested that they be returned.  See Papst Objections to the Special Master's Rulings Concerning the Return of Inadvertently Produced Privileged Documents ("Obj.") at 3.  Papst argues that although the Special Master found that Papst had not made an independent showing that the disclosure had been inadvertent, no such showing is required by the Protective Order.  See id. at 3.  Papst further argues that even if an independent showing is necessary, it has demonstrated that it has spent considerable time and effort reviewing its documents for privilege and that any disclosure was inadvertent.  See id. at 6.

Minebea responds that the strict standards employed in this Circuit require a showing of inadvertence, and that Papst cannot demonstrate inadvertence because it made motions for return of documents on five separate occasions rather than reviewing all of its documents after it first determined that certain documents had been inadvertently produced.  See Minebea's Opposition to Papst's Objections to the Special Master's Rulings Concerning the Return of Inadvertently Produced Privileged Documents ("Opp.") at 6.[1]  Minebea further argues

---

[1]  Minebea also objects that Papst should not be permitted to submit an in camera declaration in connection with its objections.  See Opp. at 8.  The Court agrees that there was no

that delays of a year or more from the time of production until the time of the return request is not "reasonable."  See id. at 8.

The Court is well aware of the large number of documents at issue in discovery in this case and is not surprised that a few privileged documents "slipped through the cracks." The Court is also aware that this Circuit takes a particularly stringent view of waiver of privilege in connection with even the inadvertent production of privileged documents.  See, e.g., In re Sealed Case, 877 F.2d 976, (D.C. Cir. 1989) ("We therefore agree with those courts which have held that the privilege is lost even if the disclosure is inadvertent.").  In the instant case, however, the Protective Order – presumably agreed to or sought by the parties and signed at their request by Judge Sear of the United States District Court for the Eastern District of Louisiana – provides that inadvertently produced documents may be designated as privileged at a reasonable later time

---

reason for the portion of Mr. Schnayer's declaration describing how the documents were reviewed to be submitted in camera.  The sum total of that portion of the declaration was as follows:

> Papst has now produced over 150,000 documents in this case.
> Prior to producing these documents under my direction, Papst
> screened the documents for attorney client privilege and work
> product.  This screening was performed at my direction.  Because
> many of the documents produced were originally in German, the
> documents were initially screened for privilege by lawyers and
> representatives of the client in Germany.  These documents (and
> translations thereof) were then reviewed again by Papst's attorneys
> at Welsh & Katz for privilege.  Due to the large number of
> documents this review was a major undertaking and large amounts
> of attorney time was devoted to the review and classification of the
> documents as privileged or not privileged.  Additional attorney
> time was spent preparing a privilege log, which now contains more
> than 19,000 entries.

The remainder of Mr. Schnayer's declaration is a document-by-document discussion as to why these documents are privileged.  Although Minebea has already seen the documents in question, Papst's concern that filing such a declaration and serving it on the opposing party could be seen to waive privilege is a valid concern and the Court will accept the in camera filing.

and still retain their privileged nature. See Protective Order at 12. The Court is not persuaded by Minebea's argument that a greater showing than that provided for in the Protective Order and required in Louisiana should be required in this Court because of the stricter view of waiver held by the D.C. Circuit. See Opp. at 6 n.6. The Protective Order entered by the Court and (presumably) agreed to by the parties is still in force and should apply equally to all discovery in this litigation. Although this Court would have to apply D.C. Circuit precedent in the absence of the Protective Order, it would be unfair to refuse to apply the terms of the Protective Order already in force in this case – and which has been used for the same purpose by opposing counsel. Simply put, the language of the Protective Order trumps the case law.

The Court is also satisfied that although the Protective Order does not specify what is a "reasonable" time for designating a produced document as privileged, it is appropriate for a party to do so as soon as it discovers that the document was inadvertently produced, which Papst did. It cannot be expected that parties will produce documents and then immediately review the entire production to make sure that no privileged documents were inadvertently included. The Court therefore finds that Papst has made an adequate showing of inadvertent production and declines to find that privilege has been waived with respect to these documents.

### B. Privileged Nature of Documents

A more important question, in light of the many privilege rulings made by this Court subsequent to the filing of the briefs here, is whether the documents in question were properly characterized as privileged in the first place. The Court inquired of the parties, at the June 1, 2005 preliminary pre-trial conference, whether these documents had already been produced in response to one of the Court's rulings subsequent to the briefing on this matter. The

5

parties indicated that these objections were not moot. A number of the arguments made in Papst's objections, however, are arguments which have been soundly rejected by the Court. For example, the Court has long since refused to accept Papst's suggestion that all patent prosecutions and all licensing negotiations are "in anticipation of litigation."

The Court is not clear, however, whether Papst continues to assert privilege with respect to <u>all</u> of the inadvertently produced documents or just a subset. A brief review of the inadvertently produced documents suggests to the Court that at least some of these documents have been improperly characterized as privileged. For example, PL 332540 is a cover letter from Mr. Schnayer to Georg Papst forwarding a draft letter to Mr. Kurihara. <u>See</u> <u>In</u> <u>Camera</u> Exhibit 6. A cover letter does not "rest on confidential information obtained from the client." <u>In re Sealed Case</u>, 737 F.2d 94, 99 (D.C. Cir. 1984). It therefore is not privileged.

Because the Court is not clear which documents are still at issue, the Court will not conduct a document-by-document analysis at this time. Also, as represented by Papst in open court, Papst's objections to Report and Recommendation No. 29 seek clarification with respect to two points of law: (a) whether the existence of a tolling agreement demonstrates that work product privilege cannot be claimed, and (b) what is the correct test for a communication to be protected under the attorney-client privilege. It seems apparent that rulings on these two issues should clarify the privileged nature of many of the inadvertently produced documents. The Court therefore will refrain from ruling on the question of the privileged nature of these documents pending its ruling in connection with Report and Recommendation No. 29. The Court is confident, however, that Papst will immediately release any clearly non-privileged documents from this group of inadvertently produced documents.

Accordingly, it is hereby

ORDERED that the Special Master's letter rulings of June 13, 2004 and June 29, 2004 are REJECTED; Papst will <u>not</u> be deemed to have waived privileged with respect to the "inadvertently" produced documents; it is

FURTHER ORDERED that Papst shall immediately produce any of the inadvertently produced documents which are clearly non-privileged in light of this Court's recent opinions regarding privilege; and it is

FURTHER ORDERED that Papst shall file, within 24 hours of this Court's ruling on Report and Recommendation No. 29, a list of the inadvertently produced documents as to which it still claims privilege, both by Bates number and by the attachment number to Mr. Schnayer's declaration. For each such document, Papst shall indicate the basis on which it continues to claim that the document is privileged. Copies of the documents shall also be provided to the Court <u>ex parte</u> for <u>in camera</u> review.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
DATE: June 6, 2005         United States District Judge