```
                             10_19_04 friedman1
Ruling on Motions - Friedman
page 0002

 1
 2                  IN THE UNITED STATES DISTRICT COURT
 3                     FOR THE DISTRICT OF COLUMBIA
 4
 5     MINEBEA COMPANY, LTD., et al,    .  Civil Action No. 97-0590
 6                                      .                     (PLF)
 7          Plaintiffs,                 .
 8                                      .  Washington, D.C.
 9              v.                      .  October 19, 2004
10                                      .  10:30 a.m.
11     GEORG PAPST, et al,              .
12                                      .
13          Defendants.                 .
14     . . . . . . . . . . . . . . . . .
15
16                  TRANSCRIPT OF RULING ON MOTIONS
17              BEFORE THE HONORABLE PAUL L. FRIEDMAN
18                    UNITED STATES DISTRICT JUDGE
19
20     APPEARANCES:
21     For the Plaintiffs:       Schulte, Roth & Zabel, LLP
22                               By: Joel E. Lutzker, Esquire
23                                   David H. Kagan, Esquire
24                                   Leonard S. Sorgi, Esquire
25                                   Benjamin Levi, Esquire
26                               919 Third Avenue
27                               New York, New York 10022
28                               Adducci, Mastriani &
29                               Schaumberg, LLP
30                               By: Rodney R. Sweetland, III, Esq.
31                               1200 Seventeenth Street, NW
32                               Washington, D.C. 20036
33     For the Defendants:       Welsh & Katz, Ltd.
34                               By: Jerold B. Schnayer, Esquire
35                                   Daniel Cherry, Esquire
36                               120 South Riverside Plaza
37                               22nd Floor
38                               Chicago, Illinois 60606-3912
39
40                               Venable, LLP
41                               By:  Campbell Killefer, Esquire
42                               575 7th Street, Northwest
43                               Washington, D.C. 20004-1601
 Ruling on Motions - Friedman
page 0003

 1
 2     Special Master:           David Plant, Esquire
 3
 4     Court Reporter:           Linda L. Russo, RPR
 5                               Official Court Reporter
 6                               Room 6808, U.S. Courthouse
 7                               Washington, D.C. 20001
 8                               202.408.5222
 9
10
11
12
13
14
                                 Page 1
```



```
                            10_19_04 friedman1
24    microprocessors for their intended purpose, including by
25    combining them with external memory.  Such further use and sale
```
Ruling on Motions - Friedman
page 0053

```
 1    is beyond the reach of the patent laws, and is not an
 2    infringement.
 3              That was true even though the agreement between Intel
 4    and Texas Instruments stated that no licenses were granted to
 5    third parties acquiring products for the purpose of combining
 6    them.  And that seems to me to be quite similar to 4.1 here.
 7              With respect to LG Electronics, LG had given Intel a
 8    license with the right to manufacture products that would
 9    otherwise infringe its patents.  Intel manufactured
10    microprocessors and chip sets and sold them to the defendant,
11    which I can't pronounce, but it's A-s-u-s-t-e-k Computer, Inc.
12    The defendant then installed them in computers, which allegedly
13    infringed LG patents.  The license between LGE and Intel
14    expressly disclaimed any implied license to Intel customers,
15    who combined products covered by the license with non-Intel
16    products.
17              The District Court found that LGE's patent rights
18    were exhausted even though the microprocessors and chip sets
19    were themselves unpatented components.  They relied in part on
20    Univis, United States versus Univis Lens Company, which we've
21    talked about, 316 United States 241, at 250-51.
22              The Court concluded in LGE that plaintiff's
23    licensee's sale of the unpatented microprocessors and chip sets
24    did, in fact, exhaust LGE's patent rights because the
25    microprocessors and chip sets were destined to be finished by
```
Ruling on Motions - Friedman
page 0054

```
 1    the purchaser in conformity with the patent because they have
 2    no reasonable noninfringing use.
 3              Minebea has asserted, and for purposes of this motion
 4    I think I have to accept, that its HDD spindle motors have no
 5    noninfringing use, independent of their incorporations into
 6    HDDs.
 7              So I think this case is analogous to LGE, and
 8    certainly analogous to Cyrix.  And, again, the court in Cyrix
 9    said, "Any disposition of an allegedly patented article, so
10    long as it is within the license grant, exhausts all patent
11    rights in the article."
12              There is an argument I think also that Papst makes
13    that for some reason Minebea had to put conditions on its sales
14    to its customers.  And it seems to me that the question under
15    the patent exhaustion doctrine is whether or not the sale from
16    the patentee to the initial purchaser is conditional or
17    unconditional.  And if it's unconditional, if there are no
18    conditions on it, then how can it be required to place
19    conditions on sales to its customers?  Maybe one could contract
20    for that under the case law, but that wasn't done here.
21              And one of the cases that Papst cites in this part of
22    its argument is an old Supreme Court case of Mitchell versus
23    Hawley, 83 U.S. 544, in which a patent licensee who had rights
24    during the original term of the patent but not the extended
25    term, sold the machines to a customer who then claimed the
```
Ruling on Motions - Friedman
page 0055

```
 1    right to use the machine during the extended term.  And the
 2    court said that a licensee cannot convey a better title than
```