UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MINEBEA CO., LTD., et al.,          )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Civil Action No. 97-0590 (PLF)
                                    )
GEORG PAPST, et al.,                )
                                    )
            Defendants.             )
_____ )

MEMORANDUM OPINION AND ORDER

        Papst has moved to preclude the trial testimony of Jerry A. Hausman and certain portions of his expert report. It also has objected to all seven of the trial exhibits which Minebea has offered in connection with his testimony. See Papst Motion to Preclude the Trial Testimony of Jerry A. Hausman, dated July 7, 2005; Papst's Objections to Minebea's Trial Exhibits for Use with Jerry Hausman, dated July 6, 2005.

*A.  Direct Testimony*

        First, Papst moves to exclude Professor Hausman's testimony that Minebea's non-U.S. customers would have strong incentives to shift development, sourcing, and/or production activities to the United States to avoid paying Papst's royalties. Professor Hausman's conclusion or assumption in this regard may be based in part on this Court's patent exhaustion opinion. The Court will allow this testimony because it merely prefaces Professor Hausman's supposed "conservative" damages calculations but has no effect on the calculations.

Second, Papst moves to exclude Professor Hausman's testimony regarding Frost & Sullivan data. The Court will allow such testimony because it appears that Professor Hausman's Second Supplemental Expert Report, dated June 8, 2005, adequately disclosed the same. Furthermore, this matter was effectively resolved in Minebea's favor at the <u>Daubert</u> hearing in connection with Mr. Malackowski's testimony.

Third, Papst moves to exclude Professor Hausman's use of various royalty rates ranging from twenty cents to $1.50 because Papst asserts that Minebea does not include the lay witness support for such royalty rates. The Court will permit this testimony provisionally based on Minebea's representation that it will provide factual support explaining the bases for such royalty rates. Most importantly, Professor Hausman has testified that his methodology is the same no matter what royalty rate is used. If sufficient factual evidence is presented by Minebea to permit the Court to make a finding, the Court will determine the appropriate royalty rate to which to apply Professor Hausman's methodology.

Fourth, Papst moves to exclude portions of Professor Hausman's testimony that are based on Mr. Dalziel's design-around analyses. The Court disagrees with Papst that the exclusion of portions of Professor Dalziel's report relating to patent design arounds makes Professor Hausman's testimony inadmissible. Professor Hausman's conclusions about the HDD market are largely based on Papst's own infringement allegations and generalities regarding the Papst Drive Patent characteristics, rather than on strict infringement or claim construction analyses. So long as there is some factual support for the non-economic assumptions of Professor Hausman's market power analysis, the analysis is admissible.

Fifth, Papst moves to exclude Professor Hausman's testimony that is based on Minebea's interpretation of "sales" in the United States. During cross-examination, Professor Hausman understandably declined to opine as to the legal and geographic meaning of a "sale." For purposes of his calculations, however, he is free to use the definition of sales as provided by Minebea's lawyers, despite the fact that the Court ultimately may or may not agree with that definition. Furthermore, Professor Hausman explained during cross-examination that any percentage of U.S. sales can be applied to his calculations. His methodology is not affected by the percentage of U.S. sales.

### B. Expert Report

Except for references to a one dollar royalty rate in paragraphs 9 and 38, and the specific reliance on Mr. Dalziel in paragraphs 17 and 22 to the extent that Mr. Dalziel's testimony has been limited by the Court, Professor Hausman's Expert Report will be accepted in evidence under the same strictures as will his trial testimony.[1]

### C. Exhibits

The Court agrees with Papst that technically PTX 2625, PTX 2626, PTX 2627, and PTX 2628 more properly should be considered as demonstrative or pedagogical exhibits, designed to summarize aspects of Professor Hausman's testimony and report, under Rule 611 of the Federal Rules of Evidence rather than as admissible summaries of voluminous writings under Rule 1006. In the case of these particular demonstrative exhibits, however, this is a distinction

---

[1] The references to Mr. Dalziel in Professor Hausman's direct testimony will also be discounted by the Court as fact-finder as appropriate.

without a difference. This is a bench trial, after all, and there is no good reason for the Court not to consider these exhibits as a kind of road map prepared by the expert to assist the Court in evaluating his report and testimony. Compare United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004) (opinions of experts can be summarized on pedagogical charts but generally are not admitted in evidence) with United States v. Bray, 139 F.3d 1104, 1111-1112 (6th Cir. 1998) (summaries or charts used as pedagogical devices or illustrative aids which organize or aid jury's examination of testimony or documents in evidence may "in appropriate cases" also be admitted in evidence although not within specific scope of Rule 1006). See also United States v. Martin, 54 F.3d 1150, 1159-61 (4th Cir. 1995).[2]

The Court will admit PTX 2689 and PTX 2782 in evidence because these calculations are fully consistent with Professor Hausman's Expert Report, albeit with variant royalty rates for which Minebea asserts it will later lay the proper factual foundation. The Court also will admit PTX 1100 in evidence as an admission by Papst's agent, Jerold B. Schnayer, on behalf of Papst.

For the foregoing reasons, Papst's Motion to Preclude the Trial Testimony of Jerry A. Hausman [Docket No. 1276] is DENIED.

SO ORDERED.

DATE: July 14, 2005

/s/_____
PAUL L. FRIEDMAN
United States District Judge

---

[2] All three of these cases involved jury trials.